**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KAMEL EVANS,

    Plaintiff,

vs.                                      Case No. 3:16-cv-830-J-34JBT

3534 SMITHFIELD, LLC d/b/a
Avesta San Jose,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  Plaintiff, who is proceeding pro se, initiated the instant action on June 27, 2016, by filing a complaint titled "Claim" (Doc. 1; Complaint).  However, Plaintiff fails to include any allegations setting forth the basis for this Court's jurisdiction over his lawsuit.  Upon independent review of the Complaint, the Court is unable to determine whether it has jurisdiction over this action.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction.  See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Here, Plaintiff does not identify any basis for the Court's jurisdiction in his one-page Complaint. However, upon review of the Civil Cover Sheet which Plaintiff completed upon filing this lawsuit, it appears Plaintiff intends to invoke the Court's diversity jurisdiction. See Civil Cover Sheet (Doc. 1-2). Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. See 28 U.S.C. §1332(a); Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland, 243 F.3d at 1280. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the absence of any information with respect to Plaintiff's citizenship or that of Defendant 3534 Smithfield, LLC, the Court cannot determine whether it has diversity jurisdiction over this action. Accordingly, the Court will give Plaintiff an opportunity to provide the Court with additional information to establish the parties' citizenship, and this Court's diversity jurisdiction, or to set forth an alternative basis for the Court's subject matter jurisdiction over this case.

To the extent Plaintiff intends to invoke diversity jurisdiction, Plaintiff is advised that for the purposes of establishing diversity jurisdiction, a limited liability company, such as 3534 Smithfield, LLC, "is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to sufficiently allege the citizenship of a limited liability company (LLC), a party must list the citizenship of each of the LLC's members. See id. at 1021–22. In addition, to establish diversity with respect to a natural person, such as

himself, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment … to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002).  Thus, to establish the citizenship of the parties, Plaintiff must provide the information described above.  In light of the foregoing, it is

**ORDERED**:

Plaintiff shall have until **July 21, 2016**, to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.  Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of his case for lack of subject matter jurisdiction without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of July, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties