**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KAMEL EVANS,

    Plaintiff,

vs.                                                                             Case No. 3:16-cv-830-J-34JBT

3534 SMITHFIELD, LLC d/b/a
Avesta San Jose,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff Kamel Evans, who is proceeding pro se, initiated the instant action on June 27, 2016, by filing a complaint titled "Claim" (Doc. 1; Complaint). However, Evans failed to allege any basis for this Court's jurisdiction over his lawsuit, and the Court independently could not discern any source of subject matter jurisdiction. As such, the Court entered an Order (Doc. 3) on July 1, 2016, directing Evans "to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action." See Order at 3. The Court cautioned Evans that failure to comply would result in the dismissal of this action for lack of subject matter jurisdiction without further notice. See id. On July 5, 2016, Evans filed a document titled "Notice: Jurisdiction" (Doc. 7; Notice). However, in the Notice, Evans neither provides the information necessary to establish diversity jurisdiction, as explained in the Court's prior Order, nor does he set forth any other basis for federal subject matter jurisdiction. See generally Notice. Although Evans filed additional documents on July 14, 2016, these filings do not address the Court's jurisdictional concerns either. See Notice:

Magistrate Judge (Doc. 10); Notice: Parties (Doc. 11); Notice: Error (Doc. 12). The deadline set for responding to the Court's jurisdictional inquiry has now passed. See Order (Doc. 3) at 3 (directing Evans to provide jurisdictional information by July 21, 2016).

As stated in the July 1, 2016 Order, federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Because Evans fails to establish any basis for the Court's subject matter jurisdiction over his claim, the Court will dismiss this case without prejudice. The Court notes that filing fees are nonrefundable such that Evans would typically forfeit the fee in this circumstance. Nonetheless, upon review of the Complaint, the Court finds it appropriate to assist Evans by refunding the filing fee in this one instance. However, Evans is cautioned that if he elects to file any future cases, regardless of the outcome, the Court will not refund the filing fee.

**ORDERED**:

1. This case is **DISMISSED, without prejudice**, for lack of subject matter jurisdiction.

2. The Clerk of the Court is **directed** to terminate all pending motions and deadlines as moot and close the file.

3. The Clerk of the Court is further **directed** to refund the filing fee to Plaintiff Kamel Evans.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of July, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties